IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

JOHNNY R. HUFF,

    Petitioner,

v.                                             Civil Action No. 3:11CV717

JAMES W. STEWART, III,

    Respondent.[1]

## MEMORANDUM OPINION

Johnny R. Huff, a former Virginia state detainee[2] proceeding *pro se*, brings this Amended Petition pursuant to 28 U.S.C. § 2254[3] ("Amended § 2254 Petition"). (ECF No. 4.) Huff challenges his civil commitment as a sexually violent predator by the Circuit Court of Chesterfield County ("Circuit Court"). Respondent moves to dismiss on the ground that Huff procedurally defaulted his claims for relief. Respondent provided Huff with the appropriate *Roseboro*[4] notice. (ECF No. 11.) Huff responded.[5] Jurisdiction for the present action exists

---

[1] The Clerk will be directed to amend the docket to reflect the correct spelling of Respondent's name. (Resp't's Rule 5 Answer & Mot. Dismiss 1 n.1.)

[2] By letter dated May 6, 2012, Huff advised the Court he has "been released and am now at my home." (ECF No. 16-1, at 1 (capitalization corrected).)

[3] 28 U.S.C. § 2254(a) states in relevant part:

> The Supreme Court, a Justice thereof, a circuit judge, or a district court shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States.

28 U.S.C. § 2254(a).

[4] *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975).

under 28 U.S.C. §§ 636(c) and 2254. The matter is ripe for disposition. For the reasons set forth below, the Motion to Dismiss (ECF No. 7) will be DENIED.

## I. Procedural History

### A. Initial Commitment Proceedings

On October 2, 2009, the Circuit Court entered a Commitment Order for Huff pursuant to the Sexually Violent Predators Act ("SVPA"), Va. Code Ann. § 37.2–900, *et seq.* (West 2012). Commitment Order at 1-3, *Commonwealth v. Huff,* No. CL07-2718 (Va. Cir. Ct. Oct. 2, 2009). Specifically, the Circuit Court committed Huff to the custody of the Commissioner of the Virginia Department of Behavioral Health and Developmental Services. *Id.* at 1.

### B. Initial Direct Appeal

Huff pursued a direct appeal from the commitment proceedings. The Supreme Court of Virginia dismissed the appeal because "the appeal was not perfected in the manner provided by law because the appellant failed to timely file the transcript or written statement of facts." *Huff v. Commonwealth,* No. 092627, at 2 (Va. Feb. 8, 2010) (citing Va. Sup. Ct. R. 5:11).[6]

### C. First State Habeas

On October 7, 2009, Huff filed a *pro se* petition for a writ of habeas corpus with the Supreme Court of Virginia. Writ of Habeas Corpus at 1, *Huff v. Dir. of Va. Ctr. for Behavioral*

---

[5] Huff moved for an extension of time to file a response to the Motion to Dismiss. Upon good cause shown, *see* Fed. R. Civ. P. 6(b)(1)(A), the Motion for an Extension of Time (ECF No. 13) will be GRANTED. Huff's Response (ECF No. 16) will be DEEMED timely.

[6] This rule required Huff to file pertinent portions of the transcript "within 60 days after entry of judgment" Va. Sup. Ct. R. 5:11(a) (West 2009), or "a written statement of facts, testimony, and other incidents of the case . . . within 55 days after entry of judgment." *Id.* 5:11(c)(1).

2

*Rehab.*, No. 092208 (Va. filed Oct. 7, 2009).[7] In his first state habeas petition, Huff raised the following claims:

| | |
|---|---|
| Claim I | The Circuit Court abused its discretion when it "commented at sentencing that [it] sentenced Mr. Huff because he refused to admit his guilt and because he allowed state's witness Ilona Gravers to taint case by saying she felt Huff should be committed because he refused to admit his guilt." *Id.* at 2. |
| Claim II | Holding Huff in prison violated Huff's rights under the Eighth Amendment.[8] |
| Claim III | Huff's continued confinement jeopardizes Huff's health. |
| Claim IV | Huff's rights were violated by the introduction of, *inter alia*, evidence from a prior criminal proceeding at his civil commitment proceedings. |
| Claim V | Ilona Gravers provided false testimony at Huff's civil commitment proceedings. |
| Claim VI | The Respondent delayed in providing Huff any mental health treatment. |

The Supreme Court of Virginia dismissed the petition. *Huff v. Dir. of Va. Ctr. for Behavioral Rehab.*, No. 092208, at 1 (Va. Feb. 8, 2010). The Supreme Court of Virginia found that the rule in *Slayton v. Parrigan*, 205 S.E.2d 680 (Va. 1974) barred Claims I, IV, and V and "that habeas corpus does not lie as to Claims II, III and VI." *Id.* (citing *Orbe v. True*, 601 S.E.2d 543 (Va. 2004)).

---

[7] The Court employs the case name and case number assigned by the Supreme Court of Virginia. On November 2, 2009, Huff resubmitted an abbreviated version of this state habeas petition on the state's standardized form for filing habeas petitions. The Court quotes here to Huff's original October 7, 2009 Writ of Habeas Corpus.

[8] "Excessive bail shall not be required, nor excessive fines imposed, nor cruel and unusual punishments inflicted." U.S. Const. amend. VIII.

3

D.   **Second State Habeas Petition**

On May 12, 2010, Huff filed a petition for a writ of habeas corpus with the Supreme Court of Virginia wherein he alleged that counsel provided ineffective assistance by failing to properly appeal Huff's commitment proceedings.[9] On October 15, 2010, the Supreme Court of Virginia awarded Huff habeas relief in the form of a delayed appeal. *Huff v. Stewart*, No. 101207, at 1-2 (Va. Oct. 15, 2010).

E.   **Belated Direct Appeal**

On February 4, 2011, Huff, by counsel, filed a petition for appeal with the Supreme Court of Virginia. Petition for Appeal at 1, *Huff v. Commonwealth*, No. 110196 (Va. filed Feb. 4, 2011). In that petition for appeal, Huff asserted, "The trial court erred in finding that there was sufficient evidence to make a finding that Huff should be civilly committed after his determination as a sexually violent predator." *Id.* at 6. The Supreme Court of Virginia refused Huff's Petition for Appeal. *Huff v. Commonwealth*, No. 110196, at 1 (Va. Apr. 26, 2011).

F.   **Third State Habeas Petition**

On March 7, 2011, Huff filed another petition for a writ of habeas corpus with the Supreme Court of Virginia. Writ of Habeas Corpus at 1, *Huff v. Dir. of Va. Ctr. for Behavioral Rehab.*, No. 110609 (Va. filed Mar. 30, 2011). In that petition,[10] Huff raised the following claims:

---

[9] The Court has not received copies of this state habeas petition from the Supreme Court of Virginia. The information cited here comes from paragraph 7 of the Respondent's Brief in Support of Rule 5 Answer and Motion to Dismiss.

[10] On March 30, 2011, Huff resubmitted an abbreviated version of his claims on Virginia's standardized form for filing a petition for a writ of habeas corpus. Petition for Writ of Habeas Corpus 1, *Huff v. Dir. Dep't of Va. Ctr. for Behavioral Rehab.*, No. 110609 (Va. filed Mar. 30, 2011). The Court quotes from Huff's March 7, 2011 Writ of Habeas Corpus.

4

| Issue I | The SVPA violates the *Ex Post Facto* Clause[11] and the Thirteenth Amendment[12] of the Constitution. |
|---|---|
| Issue II | The SVPA amounts to an unconstitutional bill of attainder. |
| Issue III | Commitment under the SPVA violates, *inter alia*, Huff's "UNALIENABLE RIGHTS To Life- Liberty and [the] pursuit of Happiness." (*Id.* 6 (internal quotations marks omitted).) |
| Issue IV | Commitment under the SPVA constitutes cruel and unusual punishment. |

The Supreme Court of Virginia dismissed the petition. *Huff v. Dir. of Va. Ctr. of Behavioral Rehab.*, No.110609, at 1 (Va. Oct. 14, 2011) (citing Va. Code § 8.01-654(B)(2)).[13]

### G. Federal § 2254 Petition

In his Amended § 2254 Petition, Huff contends:

| Claim One: | The SPVA constitutes an unlawful bill of attainder. (§ 2254 Pet. 6.) |
|---|---|
| Claim Two: | "Civil commitment under cramped prison cell living conditions—strip searches—mail censored and read .. and other prison like |

---

[11] "No Bill of Attainder or ex post facto Law shall be passed." U.S. Const. art. I, § 9, cl. 3.

[12] "Neither slavery nor involuntary servitude, except as a punishment for crime whereof the party shall have been duly convicted, shall exist within the United States, or any place subject to their jurisdiction." U.S. Const. amend. XIII, § 1.

[13] That statute provides, pertinent part:

> No writ shall be granted on the basis of any allegation the facts of which petitioner had knowledge at the time of filing any previous petition. The provisions of this section shall not apply to a petitioner's first petition for a writ of habeas corpus when the sole allegation of such petition is that the petitioner was deprived of the right to pursue an appeal from a final judgment of conviction or probation revocation, except that such petition shall contain all facts pertinent to the denial of appeal that are known to the petitioner at the time of the filing, and such petition shall certify that the petitioner has filed no prior habeas corpus petitions attacking the conviction or probation revocation.

Va. Code Ann. 8.01-654(B)(2) (West 2012).

5

environment constitute[s] punishment." (*Id.* 7 (capitalization and spelling corrected).)

Respondent contends that Claims One and Two are essentially identical to the grounds that Huff raised in his Third State Habeas Petition. (Br. Supp. Mot. Dismiss ¶ 13.) Respondent also contends that the Court should dismiss the claims as procedurally defaulted. (*Id.*)

## II. Respondent's Argument

### A. Exhaustion and Procedural Default

Before a state prisoner can bring a § 2254 petition in federal district court, the prisoner must first have "exhausted the remedies available in the courts of the State." 28 U.S.C. § 2254(b)(1)(A). State exhaustion "'is rooted in considerations of federal-state comity,'" and in the Congressional determination via federal habeas laws "that exhaustion of adequate state remedies will 'best serve the policies of federalism.'" *Slavek v. Hinkle*, 359 F. Supp. 2d 473, 479 (E.D. Va. 2005) (quoting *Preiser v. Rodriguez*, 411 U.S. 475, 491–92 & n.10 (1973)). The purpose of the exhaustion requirement is "to give the State an initial opportunity to pass upon and correct alleged violations of its prisoners' federal rights." *Picard v. Connor*, 404 U.S. 270, 275 (1971) (internal quotation marks omitted). Exhaustion has two aspects. First, a petitioner must utilize all available state remedies before he can apply for federal habeas relief. *See O'Sullivan v. Boerckel*, 526 U.S. 838, 844–48 (1999). As to whether a petitioner has used all available state remedies, the statute notes that a habeas petitioner "shall not be deemed to have exhausted the remedies available in the courts of the State . . . if he [or she] has the right under the law of the State to raise, by any available procedure, the question presented." 28 U.S.C. § 2254(c).

The second aspect of exhaustion requires a petitioner to have offered the state courts an adequate "'opportunity'" to address the constitutional claims advanced on federal habeas. *Baldwin v. Reese*, 541 U.S. 27, 29 (2004) (quoting *Duncan v. Henry*, 513 U.S. 364, 365 (1995)) (additional internal quotation marks omitted). "To provide the State with the necessary 'opportunity,' the prisoner must 'fairly present' his claim in each appropriate state court (including a state supreme court with powers of discretionary review), thereby alerting that court to the federal nature of the claim." *Id.* (quoting *Duncan*, 513 U.S. at 365–66). Fair presentation demands that a petitioner present "to the state court 'both the operative facts and the controlling legal principles' associated with each claim." *Longworth v. Ozmint*, 377 F.3d 437, 448 (4th Cir. 2004) (quoting *Baker v. Corcoran*, 220 F.3d 276, 289 (4th Cir. 2000)). The burden of proving that a claim has been exhausted in accordance with a "state's chosen procedural scheme" lies with the petitioner. *Mallory v. Smith*, 27 F.3d 991, 994, 995 (4th Cir. 1994).

"A distinct but related limit on the scope of federal habeas review is the doctrine of procedural default." *Breard v. Pruett*, 134 F.3d 615, 619 (4th Cir. 1998). This doctrine provides that "[i]f a state court clearly and expressly bases its dismissal of a habeas petitioner's claim on a state procedural rule, and that procedural rule provides an independent and adequate ground for the dismissal, the habeas petitioner has procedurally defaulted his [or her] federal habeas claim." *Id.* (citing *Coleman v. Thompson*, 501 U.S. 722, 731–32 (1991)). A federal habeas petitioner also procedurally defaults claims when the "petitioner fails to exhaust available state remedies and 'the court to which the petitioner would be required to present his [or her] claims in order to meet the exhaustion requirement would now find the claims procedurally barred.'" *Id.* (quoting

*Coleman*, 501 U.S. at 735 n.1).[14] The burden of pleading and proving that a claim is procedurally defaulted rests with the state. *Jones v. Sussex I State Prison*, 591 F.3d 707, 716 (4th Cir. 2010) (citing cases). Absent a showing of cause and prejudice or a fundamental miscarriage of justice, this Court cannot review the merits of a defaulted claim. *See Harris v. Reed*, 489 U.S. 255, 262 (1989).

B. **Analysis**

Courts have held on several occasions that the Virginia procedural bar for claims that could have been raised in an earlier state habeas petition, codified at section 8.01-654(B)(2) of the Virginia Code, generally provides an adequate bar to federal habeas review. *See, e.g., George v. Angelone*, 100 F.3d 353, 363-64 (4th Cir. 1996). However, "the fact that a state procedural rule is adequate in general does not answer the question of whether the rule is adequate as applied in a particular case." *Reid v. True*, 349 F.3d 788, 805 (4th Cir. 2003) (citing *Brown v. Lee*, 319 F.3d 162, 170 (4th Cir. 2003)). "A state rule is 'adequate' if it is firmly established and regularly or consistently applied by the state court . . . ." *Brown*, 319 F.3d at 169 (citing *Johnson v. Mississippi*, 486 U.S. 578, 587 (1988)). In making this adequacy determination, the courts ask "'whether the particular procedural bar is applied consistently to cases that are *procedurally* analogous.'" *Jones*, 591 F.3d at 716 (quoting *McCarver v. Lee*, 221 F.3d 583, 589 (4th Cir. 2000)).

Here, Respondent fails to cite any cases showing that Virginia courts have regularly and consistently applied section 8.01-654(B)(2) of the Virginia Code to bar claims in civil

---

[14] Under these circumstances, even though the claim has not been fairly presented to the Supreme Court of Virginia, the exhaustion requirement is "technically met." *Hedrick v. True*, 443 F.3d 342, 364 (4th Cir. 2006) (citing *Gray v. Netherland*, 518 U.S. 152, 161–62 (1996)).

commitment proceedings.[15] *See id.* (citing cases for the proposition that "the burden rests with a state to prove the adequacy of the relied-on procedural bar"); *Britt v. Stewart*, No. 3:12CV20-HEH, 2013 WL 357212, at *3 (E.D. Va. Jan. 29, 2013) (declining to enforce procedural default where the respondent failed to cite cases reflecting "that Virginia courts have regularly and consistently applied" the procedural rule in question with respect to challenges to civil commitment proceedings" (citing *Jones*, 591 F.3d at 716)). Furthermore, Respondent fails to direct the Court to authority indicating that the Virginia courts consistently apply section 8.01-654(B)(2) of the Virginia Code "'to cases that are *procedurally* analogous'" to the present case. *Jones*, 591 F.3d at 716 (quoting *McCarver* 221 F.3d at 589). Specifically, Respondent fails to demonstrate that, in the wake of a detainee's successful state habeas petition obtaining the right to pursue a belated direct appeal of his civil commitment proceedings, the Virginia courts regularly and consistently bar claims then raised in a petitioner's subsequent state habeas petition. *Cf.* Va. Code Ann. 8.01-654(B)(2) ("The provisions of this section shall not apply to a petitioner's first petition for a writ of habeas corpus when the sole allegation of such petition is that the petitioner was deprived of the right to pursue an appeal from a final judgment of conviction or probation revocation . . . ."). Lastly, Respondent fails to explain how Huff could have raised Claim Two in his First State Habeas Petition. Claim Two pertains to the conditions of Huff's confinement as a sexually violent predator in the custody of the Commissioner of the Virginia Department of Behavioral Health and Developmental Services. At the time he filed the

---

[15] Indeed, in this case, the Supreme Court of Virginia did not apply section 8.01-654(B)(2) of the Virginia Code to Huff's Second State Habeas Petition. Instead, the Supreme Court of Virginia granted his petition and awarded Huff the right to pursue a belated appeal. *Huff v. Stewart*, No. 101207, at 1-2 (Va. Oct. 15, 2010).

First State Habeas Petition, Huff had yet to experience such conditions.[16] Accordingly, Respondent's Motion to Dismiss (ECF No. 7) will be DENIED.

### III. Conclusion

For the reasons set forth above, Respondent fails to carry his burden and demonstrate that Huff's claims are procedurally barred from review here. Accordingly, Respondent's Motion to Dismiss (ECF No. 7) will be DENIED WITHOUT PREJUDICE.

Within fifteen (15) days of the date of entry hereof, Huff must EXPLAIN why his release fails to render his current habeas claims moot. Failure to file an appropriate response will result in the dismissal of the action without prejudice for want of prosecution. *See* Fed. R. Civ. 41(b).

Within thirty (30) days of the date of entry hereof, Respondent will FILE a further response which may raise any procedural defenses. The response must address the issue of mootness and the merits of Huff's claims.

An appropriate Order shall issue.

/s/
M. Hannah Lauck
United States Magistrate Judge

Richmond, Virginia
Date: 3-19-13

---

[16] At the time he filed his First State Habeas Petition, Huff asserted that he was "still held in Deerfield Correctional Center and has not received any treatment." Writ of Habeas Corpus at 5, *Huff v. Dir. of Va. Ctr. for Behavioral Rehab.*, No. 092208 (Va. filed Oct. 7, 2009). Huff asserted that the Commonwealth had yet to transfer him to a "S.V.P. Mental Health Treatment Facility." (*Id.*)

10