IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
**Richmond Division**

JOHNNY R. HUFF,

    Petitioner,

v.                                                                                Civil Action No. 3:11CV717

JAMES W. STEWART, III,

    Respondent.

## MEMORANDUM OPINION

Johnny R. Huff, proceeding *pro se*, brings this Amended Petition pursuant to 28 U.S.C. § 2254[1] ("Amended § 2254 Petition," ECF No. 4). Huff challenges his civil commitment, pursuant to the Sexually Violent Predators Act ("SVPA"), Va. Code Ann. § 37.2-900, *et seq.* (West 2014), by the Circuit Court of Chesterfield County ("Circuit Court").

By Memorandum Order entered on December 6, 2011, the Court directed Huff to file his § 2254 Petition on the standardized forms. (ECF No. 3, at 1.) The Court informed Huff that, "[t]he Court's consideration of Petitioner's grounds for habeas relief shall be limited to the grounds and supporting facts concisely set forth on th[e] standardized form and on any attached pages." (*Id.*) In his Amended § 2254 Petition, Huff tersely asserted:[2]

---

[1] 28 U.S.C. § 2254(a) states in relevant part:

    The Supreme Court, a Justice thereof, a circuit judge, or a district court shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States.

28 U.S.C. § 2254(a).

[2] Since submitting the Amended § 2254 Petition, Huff has submitted numerous briefs, memoranda, and letters to the Court. Huff, however, has not explicitly sought permission to amend his Amended § 2254 Petition to add any additional claims. Given these circumstances, "the Court will not construct new claims . . . with allegations lurking in the host of submissions

    Claim One:    The SVPA constitutes an unlawful bill of attainder. (Am. § 2254 Pet. 6.)

    Claim Two:    "Civil commitment under cramped prison cell living conditions—strip searches—mail censored and read . . and other prison like environment constitute[s] punishment[.]" (*Id.* at 7 (capitalization and spelling corrected).)

Respondent moved to dismiss the Amended § 2254 Petition. By Memorandum Opinion and Order entered on March 19, 2013, the Court denied the Motion to Dismiss without prejudice and directed the parties to submit further briefing addressing, *inter alia*, mootness and the merits of Huff's claims. *Huff v. Stewart*, No. 3:11CV717, 2013 WL 1155534, at *4 (E.D. Va. Mar. 19, 2013).

Respondent submitted his Supplemental Brief in Support of Motion to Dismiss ("Supplemental Brief," ECF No. 21) and provided Huff with appropriate *Roseboro* notice. (ECF No. 20).[3] As explained below, Huff's claims will be DISMISSED as procedurally defaulted.

## I. Procedural History

### A.    Initial Commitment Proceedings

On October 2, 2009, the Circuit Court entered a Commitment Order for Huff pursuant to the SVPA. Commitment Order at 1-3, *Commonwealth v. Huff*, No. CL07-2718 (Va. Cir. Ct. Oct. 2, 2009). Specifically, the Circuit Court committed Huff to the custody of the Commissioner of the Virginia Department of Behavioral Health and Developmental Services. *Id.* at 1.

---

[the petitioner] has deposited with the Court." *Nelson v. Hill*, No. 3:08CV603, 2010 WL 1005320, at *2 (E.D. Va. Mar. 17, 2010) (citing *Williams v. Harvey*, No. 4:05CV161, 2006 WL 2456406, at *6 (E.D. Va. Aug. 21, 2006)).

    [3] Because Respondent submitted an affidavit and other materials along with his Supplemental Brief, by Memorandum Order entered on July 1, 2014, the Court converted the Motion to Dismiss to a Motion for Summary Judgment and permitted Huff to file a further response. (ECF No. 29.) On August 13, 2014, the Court received a response from Huff. (ECF No. 31.) The matter is ripe for disposition.

### B.     First State Habeas Petition

Shortly after the Circuit Court entered the Commitment Order, on October 7, 2009, Huff filed a *pro se* petition for a writ of habeas corpus with the Supreme Court of Virginia. Writ of Habeas Corpus at 1, *Huff v. Dir. of Va. Ctr. for Behavioral Rehab.*, No. 092208 (Va. filed Oct. 7, 2009) ("First State Habeas Petition").[4] In his First State Habeas Petition, Huff raised the following claims:

| | |
|---|---|
| Claim I | The Circuit Court abused its discretion when it "commented at sentencing that [it] sentenced Mr. Huff because he refused to admit his guilt and because he allowed state's witness Ilona Gravers to taint case by saying she felt Huff should be committed because he refused to admit his guilt." *Id.* at 2. |
| Claim II | Holding Huff in prison violated Huff's rights under the Eighth Amendment.[5] |
| Claim III | Huff's continued confinement jeopardizes Huff's health. |
| Claim IV | Huff's rights were violated by the introduction of, *inter alia*, evidence from a prior criminal proceeding at his civil commitment proceedings. |
| Claim V | Ilona Gravers provided false testimony at Huff's civil commitment proceedings. |
| Claim VI | The Respondent delayed in providing Huff any mental health treatment. |

The Supreme Court of Virginia dismissed the petition. *Huff v. Dir. of Va. Ctr. for Behavioral Rehab.*, No. 092208, at 1 (Va. Feb. 8, 2010). The Supreme Court of Virginia found that the rule

---

[4] The Court employs the case name and case number assigned by the Supreme Court of Virginia. On November 2, 2009, Huff resubmitted an abbreviated version of this state habeas petition on the state's standardized form for filing habeas petitions. The Court quotes here from Huff's original October 7, 2009 Writ of Habeas Corpus.

[5] "Excessive bail shall not be required, nor excessive fines imposed, nor cruel and unusual punishments inflicted." U.S. Const. amend. VIII.

3

in *Slayton v. Parrigan*, 205 S.E.2d 680 (Va. 1974),[6] barred Claims I, IV, and V and "that habeas corpus does not lie as to Claims II, III and VI." *Id.* (citing *Orbe v. True*, 601 S.E.2d 543 (Va. 2004)).

### C. Initial Direct Appeal

Huff, acting *pro se*, pursued a direct appeal from the commitment proceedings. On February 8, 2010, the same day that it had denied Huff's First State Habeas Petition, the Supreme Court of Virginia dismissed the appeal because "the appeal was not perfected in the manner provided by law because the appellant failed to timely file the transcript or written statement of facts . . . ." *Huff v. Commonwealth*, No. 092627, at 2 (E.D. Va. Feb. 8, 2010) (citing Va. Sup. Ct. R. 5:11).[7]

### D. Second State Habeas Petition

On May 12, 2010, Huff filed a petition for a writ of habeas corpus with the Supreme Court of Virginia ("Second State Habeas Petition") wherein he alleged that counsel provided ineffective assistance by failing to properly appeal Huff's commitment proceedings.[8] On October 15, 2010, the Supreme Court of Virginia awarded Huff habeas relief in the form of a delayed appeal. *Huff v. Stewart*, No. 101207, at 1-2 (Va. Oct. 15, 2010).

---

[6] *Slayton* "prohibits state habeas review of claims that were available to petitioner at trial or on direct appeal and that petitioner failed to raise at that time." *Goins v. Angelone*, 226 F.3d 312, 322 n.4 (4th Cir. 2000), *abrogated on other grounds by Bell v. Jarvis*, 236 F.3d 149, 160 (4th Cir. 2000) (en banc).

[7] This rule required Huff to file pertinent portions of the transcript "within 60 days after entry of judgment" Va. Sup. Ct. R. 5:11(a) (West 2009), or "a written statement of facts, testimony, and other incidents of the case . . . within 55 days after entry of judgment." *Id.* 5:11(c)(1).

[8] The Court has not received copies of this state habeas petition from the Supreme Court of Virginia. The information cited here comes from paragraph 7 of the Respondent's Brief in Support of Rule 5 Answer and Motion to Dismiss.

### E. Belated Direct Appeal

On February 4, 2011, Huff, by counsel, filed a petition for appeal with the Supreme Court of Virginia. Petition for Appeal at 1, *Huff v. Commonwealth*, No. 110196 (Va. filed Feb. 4, 2011). In that petition for appeal, Huff asserted, "The trial court erred in finding that there was sufficient evidence to make a finding that Huff should be civilly committed after his determination as a sexually violent predator." *Id.* at 6. The Supreme Court of Virginia refused Huff's Petition for Appeal. *Huff v. Commonwealth*, No. 110196, at 1 (Va. Apr. 26, 2011).

### F. Third State Habeas Petition

On March 7, 2011, Huff filed another petition for a writ of habeas corpus with the Supreme Court of Virginia ("Third State Habeas Petition"). Writ of Habeas Corpus at 1, *Huff v. Dir. of Va. Ctr. for Behavioral Rehab.*, No. 110609 (Va. filed Mar. 30, 2011). In that petition,[9] Huff raised the following claims:

| Issue I | The SVPA violates the *Ex Post Facto* Clause[10] and the Thirteenth Amendment[11] of the Constitution. |
| --- | --- |
| Issue II | The SVPA amounts to an unconstitutional bill of attainder. |
| Issue III | Commitment under the SVPA violates, *inter alia*, Huff's "UNALIENABLE RIGHTS To Life- Liberty and [the] pursuit of Happiness." (*Id.* 6 (internal quotations marks omitted).) |

---

[9] On March 30, 2011, Huff resubmitted an abbreviated version of his claims on Virginia's standardized form for filing a petition for a writ of habeas corpus. Petition for Writ of Habeas Corpus 1, *Huff v. Dir. Dep't of Va. Ctr. for Behavioral Rehab.*, No. 110609 (Va. filed Mar. 30, 2011). The Court quotes from Huff's March 7, 2011 Writ of Habeas Corpus.

[10] "No Bill of Attainder or ex post facto Law shall be passed." U.S. Const. art. I, § 9, cl. 3.

[11] "Neither slavery nor involuntary servitude, except as a punishment for crime whereof the party shall have been duly convicted, shall exist within the United States, or any place subject to their jurisdiction." U.S. Const. amend. XIII, § 1.

5

Issue IV    Commitment under the SVPA constitutes cruel and unusual punishment.

The Supreme Court of Virginia dismissed the petition finding all of Huff's claims to be procedurally barred. *Huff v. Dir. of Va. Ctr. of Behavioral Rehab.*, No. 110609, at 1 (Va. Oct. 14, 2011) (citing Va. Code § 8.01-654(B)(2)).[12]

## II. Mootness

At the time the Court reviewed Respondent's initial Motion to Dismiss, Huff had been released from confinement as a sexually violent predator. Accordingly, by Memorandum Opinion and Order entered on March 19, 2013, the Court directed the parties to address whether Huff's release from confinement rendered moot his current habeas claims. *See Huff v. Stewart*, No. 3:11CV717, 2013 WL 1155534, at *4 (E.D. Va. Mar. 19, 2013).

Respondent contends that Huff's claims for habeas relief are not moot because Huff "will be on indefinite conditional release supervision, including probation office monitoring, GPS monitoring, and a prohibition against residing outside of Virginia or ever leaving Virginia except with approval of the court that adjudicated him [as a sexually violent predator]." (Supp'l Br. Supp. Mot. Dismiss ¶ 22 (citing Va. Code Ann. §§ 37.2-910 and 37.2-912 through 37.2-919; *Commonwealth v. Amerson*, 706 S.E.2d 879 (Va. 2011)), ECF No. 21.)

"'[T]he doctrine of mootness constitutes a part of the constitutional limits of federal court jurisdiction. . . . [A] case is moot when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome.'" *Townes v. Jarvis*, 577 F.3d 543, 546 (4th Cir. 2009) (alteration and omissions in original) (quoting *United States v. Hardy*, 545 F.3d 280, 283

---

[12] This provision bars a petitioner "from raising any claim in a successive petition if the facts as to that claim were either known or available to petitioner at the time of his original petition." *Hoke v. Netherland*, 92 F.3d 1350, 1354 n.1 (4th Cir. 1996) (internal quotation marks omitted) (citation omitted).

6

(4th Cir. 2008)). The Court agrees with the parties that, in light of the restrictions on Huff's liberty imposed as part of his conditional release from confinement as sexually violent predator, his current habeas claims are not moot. *See Holmes v. McKune*, 59 F. App'x 239, 240 n.2 (10th Cir. 2003) (citing *Jones v. Cunningham*, 371 U.S. 236, 242-43 (1963); *Jago v. Van Curen*, 454 U.S. 14, 21 n.3 (1981); *Olson v. Hart*, 965 F.2d 940, 942-43 (10th Cir. 1992)).

### III. Exhaustion and Procedural Default

Before an individual can bring a § 2254 petition in federal district court, the individual must first have "exhausted the remedies available in the courts of the State." 28 U.S.C. § 2254(b)(1)(A). State exhaustion "'is rooted in considerations of federal-state comity,'" and in the Congressional determination via federal habeas laws "that exhaustion of adequate state remedies will 'best serve the policies of federalism.'" *Slavek v. Hinkle*, 359 F. Supp. 2d 473, 479 (E.D. Va. 2005) (quoting *Preiser v. Rodriguez*, 411 U.S. 475, 491–92 & n.10 (1973)). The purpose of the exhaustion requirement is "to give the State an initial opportunity to pass upon and correct alleged violations of its prisoners' federal rights." *Picard v. Connor*, 404 U.S. 270, 275 (1971) (internal quotation marks omitted). Exhaustion has two aspects. First, a petitioner must utilize all available state remedies before he or she can apply for federal habeas relief. *See O'Sullivan v. Boerckel*, 526 U.S. 838, 844–48 (1999). As to whether a petitioner has used all available state remedies, the statute notes that a habeas petitioner "shall not be deemed to have exhausted the remedies available in the courts of the State . . . if he [or she] has the right under the law of the State to raise, by any available procedure, the question presented." 28 U.S.C. § 2254(c).

The second aspect of exhaustion requires a petitioner to have offered the state courts an adequate "'opportunity'" to address the constitutional claims advanced on federal habeas. *Baldwin v. Reese*, 541 U.S. 27, 29 (2004) (quoting *Duncan v. Henry*, 513 U.S. 364, 365 (1995)) (additional internal quotation marks omitted). "To provide the State with the necessary 'opportunity,' the prisoner must 'fairly present' his claim in each appropriate state court (including a state supreme court with powers of discretionary review), thereby alerting that court to the federal nature of the claim." *Id.* (quoting *Duncan*, 513 U.S. at 365–66). Fair presentation demands that a petitioner present "to the state court 'both the operative facts and the controlling legal principles' associated with each claim." *Longworth v. Ozmint*, 377 F.3d 437, 448 (4th Cir. 2004) (quoting *Baker v. Corcoran*, 220 F.3d 276, 289 (4th Cir. 2000)). The burden of proving that a claim has been exhausted in accordance with a "state's chosen procedural scheme" lies with the petitioner. *Mallory v. Smith*, 27 F.3d 991, 994, 995 (4th Cir. 1994).

"A distinct but related limit on the scope of federal habeas review is the doctrine of procedural default." *Breard v. Pruett*, 134 F.3d 615, 619 (4th Cir. 1998). This doctrine provides that "[i]f a state court clearly and expressly bases its dismissal of a habeas petitioner's claim on a state procedural rule, and that procedural rule provides an independent and adequate ground for the dismissal, the habeas petitioner has procedurally defaulted his [or her] federal habeas claim." *Id.* (citing *Coleman v. Thompson*, 501 U.S. 722, 731-32 (1991)). A federal habeas petitioner also procedurally defaults claims when the "petitioner fails to exhaust available state remedies and 'the court to which the petitioner would be required to present his [or her] claims in order to meet the exhaustion requirement would now find the claims procedurally barred.'" *Id.* (quoting

8

*Coleman*, 501 U.S. at 735 n.1).[13] The burden of pleading and proving that a claim is procedurally defaulted rests with the state. *Jones v. Sussex I State Prison*, 591 F.3d 707, 716 (4th Cir. 2010) (citing cases). Absent a showing of cause and prejudice or a fundamental miscarriage of justice, this Court cannot review the merits of a defaulted claim. *See Harris v. Reed*, 489 U.S. 255, 262 (1989).

However, "the fact that a state procedural rule is adequate in general does not answer the question of whether the rule is adequate as applied in a particular case." *Reid v. True*, 349 F.3d 788, 805 (4th Cir. 2003) (citing *Brown v. Lee*, 319 F.3d 162, 170 (4th Cir. 2003)). "A state rule is 'adequate' if it is firmly established and regularly or consistently applied by the state court . . . ." *Brown*, 319 F.3d at 169 (citing *Johnson v. Mississippi*, 486 U.S. 578, 587 (1988)). In making the adequacy determination, the courts ask "'whether the particular procedural bar is applied consistently to cases that are *procedurally* analogous . . . .'" *Jones*, 591 F.3d at 716 (quoting *McCarver v. Lee*, 221 F.3d 583, 589 (4th Cir. 2000)).

Here, the Supreme Court of Virginia found that Huff's present claims that the SVPA amounts to an unconstitutional bill of attainder (Claim One) and that commitment under the SVPA constitutes unconstitutional punishment (Claim Two)[14] were barred by § 8.01-654(B)(2)

---

[13] Under these circumstances, even though the claim has not been fairly presented to the Supreme Court of Virginia, the exhaustion requirement is "technically met." *Hedrick v. True*, 443 F.3d 342, 364 (4th Cir. 2006) (citing *Gray v. Netherland*, 518 U.S. 152, 161–62 (1996)).

[14] In his Third State Habeas Petition, Huff asserted that commitment under the SVPA constituted cruel and unusual punishment. To the extent that in Claim Two Huff now seeks to advance the new claim the SVPA should be deemed a criminal statute based on the punitive nature of his confinement, *see Seling v. Young*, 531 U.S. 250, 261-65 (2001), such a claim is not exhausted and would also be found defaulted under § 8.01-654(B)(2) if Huff now attempted to present such a claim to the Supreme Court of Virginia.

of the Virginia Code.[15] In the Court's March 19, 2013 Memorandum Opinion, the Court expressed some doubts as to whether Va. Code Ann. § 8.01-654(B)(2) constituted an adequate state procedural bar with respect to civilly committed individuals. *See Huff v. Stewart*, No. 3:11CV717, 2013 WL 1155534, at *4 (E.D. Va. Mar. 19, 2013). As explained below, Respondent's subsequent briefing dispels those doubts. Therefore, the Court will DISMISS Claims One and Two as procedurally defaulted.

### A. Section 8.01-654(B)(2) Constitutes an Adequate Procedural Rule with Respect Civilly Committed Individuals

"In general, a violation of 'firmly established[[16]] and regularly followed state rules' will be adequate to foreclose [federal habeas] review." *Hedrick v. True*, 443 F.3d 342, 360 (4th Cir. 2006) (quoting *Lee v. Kemna*, 534 U.S. 362, 375 (2002)). Courts have held on several occasions that the Virginia procedural bar for claims that could have been raised in an earlier state habeas petition, codified at section 8.01-654(B)(2) of the Virginia Code, generally provides an adequate bar to federal habeas review. *See, e.g., George v. Angelone*, 100 F.3d 353, 363-64 (4th Cir.

---

[15] That statute provides, in pertinent part:

> No writ shall be granted on the basis of any allegation the facts of which petitioner had knowledge at the time of filing any previous petition. The provisions of this section shall not apply to a petitioner's first petition for a writ of habeas corpus when the sole allegation of such petition is that the petitioner was deprived of the right to pursue an appeal from a final judgment of conviction or probation revocation, except that such petition shall contain all facts pertinent to the denial of appeal that are known to the petitioner at the time of the filing, and such petition shall certify that the petitioner has filed no prior habeas corpus petitions attacking the conviction or probation revocation.

Va. Code Ann. 8.01-654(B)(2) (West 2014).

[16] No question exists here that § 8.01-654(B)(2) is a firmly established rule. *See O'Dell v. Netherland*, 95 F.3d 1214, 1241 (4th Cir. 1996) ("[W]henever a procedural rule is derived from state statutes and supreme court rules . . . the rule is necessarily 'firmly established.'")

10

1996). The Court, however, previously noted that, "Respondent fail[ed] to cite any cases showing that Virginia courts have regularly and consistently applied section 8.01-654(B)(2) of the Virginia Code to bar claims in *civil commitment* proceedings." *Huff*, 2013 WL 1155534, at *4 (emphasis added). Respondent now directs the Court to multiple cases where the Supreme Court of Virginia applied section 8.01-654(B)(2) to civil commitment proceedings. *See Buffalo v. Dir. of Dep't Corr.*, No. 970406, at 1 (Va. May 9, 1997); *Buffalo v. Commonwealth*, No. 910175, at 1 (Va. May 6, 1991); *Buffalo v. Commonwealth*, No. 901682, at 1 (Va. Mar. 13, 1991). Additionally, the United States District Court for the Western District of Virginia accepted section 8.01-654(B)(2) as an adequate procedural bar in the context of civilly committed individuals. *See Buffalo v. Commonwealth*, No. 94-0073-R, at 5 (W.D. Va. Sept. 26, 1994). Respondent has thus demonstrated that the Virginia courts regularly and consistently apply section 8.01-654(B)(2) of the Virginia Code in the context of civilly committed individuals.[17]

### B. Application of Section 8.01-654(B)(2) with Respect to Huff

In its March 19, 2013 Memorandum Opinion, the Court also expressed some reservations as to how section 8.01-654(B)(2) applied to Huff. *Huff*, 2013 WL 1155534, at *4. Initially, the Court questioned why the Supreme Court of Virginia had not applied § 8.01-654(B)(2) to Huff's Second State Habeas Petition wherein Huff asserted that counsel provided ineffective assistance by failing to properly appeal Huff's commitment proceedings. *Id.* at *4 n.15. By directing the

---

[17] Huff does not direct the Court to any instances where the Supreme Court of Virginia could have, but failed to, apply § 8.01-654(B)(2). *See Jones*, 591 F.3d at 716-17 (refusing to apply state procedural bar where the District Court identified several instances where the Supreme Court of Virginia had failed to apply the procedural bar).

Court to additional information from the state court record, Respondent now convincingly explains that:

> [t]he reason the bar was not applied to the second petition is that Huff's first attempt at appeal, which he litigated pro se, was not ruled defaulted until February 8, 2010, the same day his first habeas petition was dismissed. Until the first direct appeal had been ruled defaulted, Huff had neither grounds for nor knowledge of the denial-of-appeal claim voiced in his second petition. Therefore[,] by its own terms the Section 8.01-654(B)(2) bar did not apply to the second petition.

(Supp'l Br. Supp. Mot. Dismiss ¶ 14.) Thus, the Supreme Court of Virginia's actions with respect to Huff's Second State Habeas Petition fail to detract from the conclusion that § 8.01-654(B)(2) constitutes an adequate state procedural bar.

Additionally, in the March 19, 2013 Memorandum Opinion, the Court observed that Respondent failed:

> to explain how Huff could have raised Claim Two in his First State Habeas Petition. Claim Two pertains to the conditions of Huff's confinement as a sexually violent predator in the custody of the Commissioner of the Virginia Department of Behavioral Health and Developmental Services. At the time he filed the First State Habeas Petition, Huff had yet to experience such conditions.[18]

*Huff*, 2013 WL 1155534, at *4. Respondent now demonstrates, with citation to the record, how Huff could have raised Claim Two during his First State Habeas Petition.

At the time Huff initially filed his First State Habeas Petition, he was confined in the Deerfield Correctional Center. Writ of Habeas Corpus at 5, *Huff v. Dir. of Va. Ctr. for*

---

[18] In the March 19, 2013 Memorandum Opinion, the Court noted that:

> At the time he filed his First State Habeas Petition, Huff asserted that he was "still held in Deerfield Correctional Center and has not received any treatment." Writ of Habeas Corpus at 5, *Huff v. Dir. of Va. Ctr. for Behavioral Rehab.*, No. 092208 (Va. filed Oct. 7, 2009). Huff asserted that the Commonwealth had yet to transfer him to a "S.V.P. Mental Health Treatment Facility." (*Id.*)

*Huff*, 2013 WL 1155534, at *4 n.16.

*Behavioral Rehab.*, No. 092208 (Va. filed Oct. 7, 2009). Huff, however, failed to file that petition on the standardized form as required by section 8.01-655 of the Virginia Code. Accordingly, the Supreme Court of Virginia required Huff to file his habeas petition on the standardized form. On November 2, 2009, Huff refiled his First State Habeas Petition on the standardized form. Petition for Writ of Habeas Corpus at 1, *Huff v. Va. Ctr. for Behavioral Rehabilitation*, No. 092208 (Va. filed Nov. 2, 2009). By the time he filed the standard form, Huff was detained at the Virginia Center for Behavioral Rehabilitation in Burkeville, Virginia. *Id.* at 1, 5. Thus, Huff could have raised his challenge to the conditions of confinement at the Virginia Center for Behavioral Rehabilitation in his First State Habeas Petition. *See Hedrick*, 443 F.3d at 363 (concluding that petitioner procedurally defaulted claim based on the newly announced decision in *Atkins v. Virginia*, 536 U.S. 304 (2002) when he failed to move to amend then pending petition for a writ of habeas corpus to raise such a claim). Accordingly, for the reasons stated above, § 8.01-654(B)(2) constitutes an adequate and independent state procedural bar with respect to Claims One and Two.

Huff fails to demonstrate cause and prejudice or that a fundamental miscarriage of justice excuses his default. Accordingly, Claims One and Two will be DISMISSED as procedurally defaulted.

### IV. Conclusion

The § 2254 Petition will be DENIED. The action will be DISMISSED.

Huff has filed two motions seeking discovery. (ECF Nos. 24, 28.) A federal habeas petitioner must demonstrate good cause before he or she is allowed to conduct discovery. *Stephens v. Branker*, 570 F.3d 198, 213 (4th Cir. 2009). "A showing of good cause must include

specific allegations suggesting that the petitioner will be able to demonstrate that he [or she] is entitled to habeas corpus relief," once the facts are fully developed. *Id.* (citing *Bracy v. Gramley*, 520 U.S. 899, 908–09 (1997)). Huff fails to make such a showing. Accordingly, Huff's discovery motions (ECF Nos. 24, 28) will be DENIED.

An appeal may not be taken from the final order in a § 2254 proceeding unless a judge issues a certificate of appealability ("COA"). 28 U.S.C. § 2253(c)(1)(A). A COA will not issue unless a prisoner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This requirement is satisfied only when "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 & n.4 (1983)). Huff fails to meet this standard. The Court will DENY a certificate of appealability.

An appropriate Order shall issue.

/s/ M.H.L.
M. Hannah Lauck
United States District Judge

Richmond, Virginia
Date: October 2, 2014